IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PACKAGING ENGINEERING, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. 08-170 Erie |
| | ) |
| WERZALIT OF AMERICA, INC., and | ) |
| WERZALIT GmbH + Co. KG, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION & ORDER

Presently before the court is a motion to dismiss filed by of Defendant Werzalit GmbH + Co. KG ("Werzalit-Germany") and brief in support thereof. Plaintiff Packaging Engineering, LLC ("PE") has filed a brief in opposition. For the reasons stated herein, we will deny the motion.

### I. Allegations in the Complaint

Plaintiff's complaint alleges the following: Plaintiff is in the business of providing packaging and shipping solutions to manufacturing businesses, such as those involved in the automotive industry. Complaint ¶ 6. Defendant Werzalit of America, Inc. ("Werzalit-America") is a wholly owned subsidiary of Defendant Werzalit-Germany. Complaint ¶ 7. Defendants both are in the business of designing and manufacturing wood products, including products molded from pressed wood strands. Complaint ¶ 8.

Between August 2005 and January 2006, PE advised Wezalit-America that PE had a contract with Pilkington North America, Inc. for the guaranteed sale of a minimum of 150,000

pressed wood containers over a four-year period; these containers were intended for storing and/or shipping automotive windshields. Complaint ¶¶ 9, 10. Werzalit-America assured plaintiff that it could produce the tooling and manufacture such wood containers to fulfill the requirements of plaintiff's customer. Complaint ¶ 11. On January 31, 2006, Werzalit-America issued a quotation in the amount of $300,000 to plaintiff for the design and production of a tool die set which would be used to manufacture the wood containers. Complaint ¶ 12. Plaintiff verbally accepted this quotation and two days later, Werzalit issued an Order Acknowledgment to plaintiff relating to their agreement. Complaint ¶¶ 13, 14. Werzalit-America required that the tool die set remain in its possession so that it could manufacture of the wood containers. Complaint ¶ 14. Between February 24, 2006 and December 31, 2006, pursuant to the terms of the contract, PE paid defendant Werzalit-America $232,000 toward completion of the tool set. Complaint ¶ 15.

On or about April 1, 2006, defendant Werzalit-Germany's Vice President of Technical Coordination visited with representatives of plaintiff to discuss the project; defendant advised plaintiff that "it had a significant financial business interest in the successful outcome of the project in question." Complaint ¶ 16. Werzalit-Germany provided assurances and guarantees that plaintiff's contract with Werzalit-America would be carried out and that Werzalit-Germany would "stand behind the and guarantee the performance of defendant" Werzalit-America. Complaint ¶ 16.

On or about November 22, 2006, the CEO of defendant Werzalit-Germany met with representatives of PE in Erie, Pennsylvania, to discuss the Project. Plaintiff alleges that the meeting was "the result of expressions of concern by plaintiff about the lack of progress being

2

made by defendant" Werzalit-America. Complaint ¶ 17. Werzalit-Germany promised that "it would stand behind and guarantee the performance of defendant, Werzalit-America, and if necessary carry out portions of the contract performance itself. Complaint ¶ 17.

In January 2007, plaintiff was advised by defendant, Werzalit-America, that it was abandoning its efforts to complete its contractual obligations to plaintiff and that Werzalit-Germany had instructed Werzalit-America to stop all further efforts to fulfill the contract with plaintiff. PE alleges that this repudiation of defendants' obligations was a material breach of the contract and that plaintiff has suffered a loss of its tooling payments in the amount of $232,000 plus lost profits relating to the sale of the wood containers in an amount in excess of $1,000,000.

## II. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the legal sufficiency of the Complaint. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, --- U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (citing Papasan v. Allian, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). To make certain that lower courts understood the scope of its holding, the Supreme Court in Twombly explicitly rejected its earlier decision in Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), which had held that "a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Twombly, 127 S.Ct. at 1969. Rather, the Court made clear that a plaintiff's complaint must go beyond mere legal conclusions and speculation to provide factual allegations sufficient to "nudge

3

... their claims across the line from conceivable to plausible." Id. In Phillips, the Court of Appeals for the Third Circuit addressed in detail the modifications to the standard of review for motions filed pursuant Rule 12(b)(6). See Phillips v. County of Allegheny, 515 F.3d 224, 230-235 (3d Cir.2008).

In April 2008, our court of appeals summarized its current application of Twombly and Phillips. See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir.2008). The court noted that when it had decided Phillips,

> [a]lthough the exact parameters of the Twombly decision were not yet known, we read Twombly to mean that 'factual allegations must be enough to raise a right to relief above the speculative level. In other words, 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.

Wilkerson, 522 F.3d 322 (citing Phillips, 515 F.3d at 234, quoting Twombly, 127 S.Ct. at 1965).

"After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.' " Phillips, 515 F.3d at 233 (quoting Twombly, 127 S.Ct. at 1969 n. 8.) "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 127 S.Ct. at 1965).

However, nothing in Philips or Twombly has changed other pleading standards for a Rule 12(b)(6) motion to dismiss. That is, in Phillips the court of appeals noted that the Supreme Court in Twombly did not impose a new heightened pleading requirement, but reaffirmed that Federal Rule of Civil Procedure 8 requires only a short and plain statement of the claim showing that the pleader is entitled to relief, not "detailed factual allegations." See Phillips, 515 F.3d at 231 (citing

4

Twombly, 127 S. ct. at 1964). Second, the Supreme Court did not abolish the Rule 12(b) 6) requirement that "the facts alleged must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." Phillips, id., (citing Twombly, id. at 1964-65 and 1969 n. 8.) Phillips also noted that while the Supreme Court did not address the previously established rule about drawing all reasonable inferences in favor of the non-moving party when considering a motion to dismiss, it concluded "we do not read [the Twombly ] decision to undermine that principle." Id. at 231.

### III. Discussion

Defendant Werzalit-Germany has filed a motion to dismiss on the grounds that the action is barred by the statute of frauds and that any alleged promises by Werzalit-Germany to guarantee the performance of Werzalit-America are not supported by consideration.

The Pennsylvania Statute of Frauds states as follows:

#### § 3. Promise to answer for debt of another

> No action shall be brought . . . whereby to charge the defendant, upon any special promise, to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him authorized.

33 P.S. § 3. This is a limitation upon judicial authority to afford remedies, not merely a rule of evidence. Leonard v. Martling, 106 A.2d 585, 586-87 (Pa. 1954). Werzalit-Germany therefore argues that PE's Complaint makes clear that any alleged promises by Werzalit-Germany to guarantee the performance of Werzalit-America were verbal expressions (allegedly made well after the parties entered their agreement) and fails to satisfy the requirements of the statute of frauds.

5

In addition, Werzalit-Germany argues that these alleged promises to guarantee the obligations of Werzalit-America are not supported by consideration, and under the case law, a third party's alleged guarantee of the debt or obligation of another is unenforceable unless supported by consideration, citing Paul Revere Protective Life Ins. Co. v. Weis, 535 F. Supp. 379, 385 (E.D. Pa. 1981). Sufficient consideration to support a guaranty can exist where the guaranty is a condition precedent to a contracting party's agreement to enter into the underlying contract. Id. Werzalit-Germany argues that its alleged guaranty could not have induced PE to enter into the contract with Werzalit-America because the agreement pre-dated the alleged promise to "stand-behind" Werzalit-America's performance.

In response, PE argues that because the main object of Werzalit-Germany's promise to guarantee the obligations of Werzalit-America was to serve its own pecuniary or business purpose, the suretyship provision of the statute of frauds does not apply. PE relies upon the "leading object" or the "main purpose rule:"

> 'Whenever the main purpose and object of the promisor is, not to answer for another, but to subserve some pecuniary or business purpose of his own, involving either a benefit to himself, or damages to the other contracting party, his promise is not within the statute, although it may be in form a provision to pay the debt of another, although the result of it may incidentally have the effect of extinguishing that liability, is the rule laid down in many cases, and has been consistently followed by this court.'

Eastern Wood Products Co. v. Metz, 89 A.2d 327, 330 (Pa. 1952), quoting Goodling v. Simon, 54 Pa. Super. 125, 127 (1913). One court has explained that the difficulty in creating a bright-line test for this rule "is that the question to be answered relates to the purpose, motive, object or desire of the promisor, and, therefor, it can only be answered by analyzing the complex objective manifestations surrounding the making of the promises." Thomas A Armbruster, Inc. v. Barron,

6

491 A.2d 882, 884 (Pa. Super. 1985), citing J. Murray, Murray on Contracts § 316 (2d ed. 1974).

We agree with the plaintiffs and will deny the motion to dismiss. We note that, accepting as true the facts alleged in the Complaint, such facts support the theory that the leading object and main purpose of defendant Werzalit-Germany's oral guarantee was to protect its own pecuniary and business interests. Complaint ¶ 16. As such, plaintiff's cause of action is not barred by the suretyship provision of the Statute of Frauds.

In response to Werzalit-Germany's argument with respect to consideration, PE argues that because Werzalit-Germany reasonably should have expected that its guarantee would induce plaintiff to continue with the project and to forbear seeking damages against Werzalit-America under a theory of breach by repudiation, its agreement to do so is contractually binding. Section 88 of the Restatement (Second) of Contracts provides:

> A promise to be surety for the performance of a contractual obligation, made to the obligee, is binding if
>
> (a) the promise is in writing and signed by the promisor and recites a purported consideration; or
>
> (b) the promise is made binding by statute; or
>
> (c) *the promisor should reasonably expect the promise to induce action or forbearance of a substantial character on the part of the promisee or a third person, and the promise does induce such action or forbearance.*

Restatement (Second) of Contracts § 88 (1981) (emphasis added); see Midlantic Foods, Inc. v. Michael Rosenzweig and Feasterville Thriftway, Inc., 1987 WL 582749 (Pa. Com. Pl. Oct 02, 1987). We find that PE has adequately alleged a cause of action in its complaint. PE alleges that Werzalit-Germany intended to induce plaintiff to continue with the project; when it knew that plaintiff needed assurances of performance, it stated through its employees that it would stand

7

behind and guarantee the performance of Werzalit-America; as such, its promise arguably became binding.

AND NOW, to-wit, this 12th day of November, 2008, for the reasons stated herein, it is hereby ORDERED, ADJUDGED and DECREED THAT Defendant Werzalit GMBH + CO. KG's Motion to Dismiss Complaint (doc. 9) be and the same is hereby DENIED.

IT IS FURTHER ORDERED THAT said defendant shall file an answer on or before the 21st day of November, 2008.

Maurice B. Cohill, Jr.
Senior United States District Court Judge

cc: counsel of record